**In the Matter of William P. HEADLEE.**

**No. 29S00–9508–DI–955.**

Supreme Court of Indiana.

Oct. 22, 2001.

## ORDER FINDING MISCONDUCT AND IMPOSING SANCTION

The hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's two count *Verified Complaint for Disciplinary Action* has submitted his report to this Court. Upon review of that report, we find that the findings contained therein should be adopted and that the respondent engaged in attorney misconduct. Specifically, we now find as follows:

**Facts:** Pursuant to Count I of the verified complaint, we find that the respondent obtained a $20,000 settlement on behalf of a client on a personal injury claim. That client had earlier (but before settlement in the personal injury case) filed for bankruptcy using a different attorney, seeking therein to discharge medical debts resulting from the personal injury accident. The bankruptcy petition did not mention the personal injury claim as an asset, as the other attorney was unaware of the claim. The day the bankruptcy court issued its order discharging the client's debts, the client hired the respondent to pursue the personal injury claim for a contingent fee of 40% of any recovery. The respondent's ultimate settlement demand included a request for damages that, then unknown to the respondent, had been discharged in the bankruptcy. Later, in November 1993, the respondent learned that the medical debts had been discharged. Despite that knowledge, the respondent failed to advise the opposing party in the personal injury matter that the debts had been discharged, and failed to advise the bankruptcy court or the client's bankruptcy lawyer of the personal injury claim. After obtaining the $20,000 settlement proceeds in December 1993, the respondent deposited the proceeds into his attorney trust account. During a post-settlement conference with the client, the respondent had her sign a "general release" limiting the respondent's liability to her for any problems arising out of their attorney-client relationship, and orally informed her that he was increasing his contingent fee from 40% to 45%.

Pursuant to Count II, we find that on May 11, 1995, the respondent was convicted by jury, in Marion Superior Court, of possession of cocaine, a class C felony. As a result of that conviction, this Court suspended the respondent from the practice of law *pendente lite,* effective December 5, 1995. On April 8, 1997, the Indiana Court of Appeals reversed the respondent's conviction and remanded the matter for retrial. *Headlee v. State,* 678 N.E.2d 823 (Ind. Ct.App.1997). Because of that reversal, this Court lifted his *pendente lite* suspension on October 21, 1997. Upon retrial, the respondent was found guilty of possession of cocaine, a class D felony, on June 11, 1999.

**Violations:** Ind.Professional Conduct Rule 1.2(d), which prohibits a lawyer from counseling a client to engage or assisting a client in conduct that the lawyer knows is criminal or fraudulent;

Prof.Cond.R. 1.5(c), which requires contingency fee agreements to be in writing;

Prof.Cond.R. 1.8(h), which provides that a lawyer shall not make an agreement prospectively limiting the lawyer's liability to a client for malpractice, unless permitted by law and the client is independently represented in making the agreement;

Prof.Cond.R. 1.15(a), which requires a lawyer to hold property of clients and third persons that is in the lawyer's possession

in connection with a representation separate from the lawyer's own property;

Prof.Cond.R. 1.15(c), which requires a lawyer to keep separate, until there is an accounting and severance of interests, property held in his possession during the course of a representation where both the lawyer and another person claim interest in the property;

Prof.Cond.R. 4.1(b), which prohibits a lawyer, during the course of a representation, from failing to disclose that which is required by law to be revealed;

Prof.Cond.R. 8.4(b), which provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

Prof.Cond.R. 8.4(c), which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, and misrepresentation.

For the misconduct found herein, this Court now ORDERS that the respondent be suspended from the practice of law for a period of not fewer than twenty four (24) months, effective immediately, with credit given for the time the respondent has been suspended *pendente lite.* This Court further ORDERS that the period of this suspension that the respondent has not yet served be stayed, with continuation of such stay conditional upon the respondent's demonstration of satisfaction of the elements prerequisite to reinstatement set forth in Ind.Admission and Discipline Rule 23(4). The respondent is directed to make such a demonstration by filing a petition in the form and manner required by Admis.Disc.R. 23(4) within ninety (90) days of issuance of this Order. The Disciplinary Commission shall process the petition on an expedited basis.

If this Court finds that the respondent has made such a demonstration, the respondent shall be released from the terms of this order and fully reinstated to the practice of law in this state. Should the respondent fail to demonstrate satisfaction of those elements, the respondent's stay shall be rescinded and he shall be suspended until further order of this Court.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.

RUCKER, J., dissents, believing the 22½ months the respondent was suspended pendente lite sufficient for the misconduct in this matter.